**Karen POWELL, Plaintiff,**

v.

**Larry ADAMS, Sarah B. Thulin, Verne Conder, Mark A. Blozinski, Rebecca Leighton, Earl (Mike) Miller, Gary Vanden Busch, Other Unknown Defendants, and City of Green Bay, its City Council and Plan Commission, Defendants.**

No. 89–C–1503.

United States District Court, E.D. Wisconsin.

July 23, 1991.

See also 763 F.Supp. 406.

McBride Law Offices by Challoner Morse McBride (On her own behalf), Sturgeon Bay, Wis., Kathleen M. Arthur and Joseph F. Owens, New Berlin, Wis., for plaintiff.

Gary Weidner, Green Bay, Wis., for Verne Conder.

Green Bay City Atty. by Judith Lehman-Schmidt, Green Bay, Wis., for defendants.

## DECISION AND ORDER

MYRON L. GORDON, Senior District Judge.

The defendants, as "prevailing parties", have filed motions for an award of attorney's fees and sanctions under Rule 42 U.S.C. § 1988 and for sanctions under Rule 11, Federal Rules of Civil Procedure. The frivolous nature of the plaintiff's claims warrants an award against the plaintiff of attorney's fee under § 1988; the plaintiff's pre-filing investigation as to both the law and the facts was so inadequate that a sanction will be imposed against Attorney McBride pursuant to Rule 11.

■ A district court may, in its discretion, award attorney's fees to a prevailing defendant under § 1988 if convinced that the action was "brought in subjective bad faith" or was "frivolous, unreasonable, or without foundation." *Unity Ventures v. County of Lake*, 894 F.2d 250, 253 (7th Cir.1990), *citing Christianburg Garment Co. v. Equal Employment Opportunity Commission*, 434 U.S. 412, 421, 98 S.Ct. 694, 700, 54 L.Ed.2d 648 (1978).

■ In her complaint, Ms. Powell alleged that (1) she was denied equal protection of the law because she was a woman; (2) she was denied equal protection of the law because she planned to provide housing for her future elderly clients; (3) she was subjected to a "discriminatory housing practice" in violation of the Fair Housing Act, 42 U.S.C. § 3604; (4) her rights under the Age Discrimination in Employment Act, 29 U.S.C. § 623 were violated; (5) the defendants conspired to deprive her, because she was a woman, of "constitutional rights to the use of her land" in violation of 42 U.S.C. § 1985; and (6) that the municipal code of the city of Green Bay violated Wisconsin law. These claims were advanced against the city of Green Bay, its common council, its plan commission, six city of Green Bay alderpersons, [together referred to herein as the "city defendants"] and a private architect, Verne Conder. By the time of the summary judgment stage, the plaintiff was still pursuing all her claims except the age discrimination in employment charge.

The defendants assert that the plaintiff's action was frivolous because there was simply no factual basis for her claims. In particular, it is urged that the plaintiff's claims of sex discrimination were unsupportable from the very inception of the case since

> [i]t is undisputed that the plaintiff never met with, talked with, or attempted to meet or talk with any City defendant in this matter; plaintiff and her husband jointly signed all petitions to the Common Council requesting zoning variances; and it was plaintiff's husband, not plaintiff, who did all the lobbying, both personally and at public meetings, in support of plaintiff's project.

City defendants' brief in support at p. 7. The plaintiff knew of her husband's intimate involvement prior to the initiation of the lawsuit and subsequently discovered no facts supporting her trifling claim of sex discrimination.

Ms. Powell asserts that she relied on the representation of her former attorney, Fred Mohr; the latter allegedly claimed to have information from a undisclosed source that certain of the named defendants were "on the take." Ms. McBride, the plaintiff's attorney, also relied on her discussions with Fred Mohr. Ms. McBride states that after "numerous interviews with the plaintiff and her husband and one lengthy interview with Attorney Fred Mohr," she believed that there was a factual basis for the complaint.

The plaintiff and Ms. McBride maintain that the plaintiff would have prevailed if Mr. Mohr's informant had revealed what he knew and if all the parties told the truth. I am persuaded that this action was initiated without adequate legal or factual foundation.

The plaintiff named the city of Green Bay as a defendant but wholly failed either

to allege or to demonstrate that its "policy, custom or practice" caused the deprivation of a constitutional right. *See Monell v. New York City Dept. of Social Services*, 436 U.S. 658, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978).

The plaintiff and her counsel, Ms. McBride, both signed the complaint alleging an employment discrimination despite the fact that the gravamen of the plaintiff's complaint related to the denial of zoning requests. The complaint also sought redress for the violation of the rights of unnamed customers despite the fact that the plaintiff did not know who those parties would be. The complaint further alleged that Verne Conder (who is a purely private citizen) violated 42 U.S.C. § 1983, which prohibits *states* or their agents from discriminating on the basis of sex, race, creed or color. The complaint contained no allegation that Mr. Conder was a state actor.

Inexplicably, the plaintiff invoked the protections of the Fair Housing Act, 42 U.S.C. § 3604, even though she has not charged that anyone refused "to sell, rent or negotiate with prospective buyers and renters on the basis of race, color, religion, sex or national origin." I find no rational basis for the plaintiff to have invoked this statute in the context of a zoning dispute.

The claim of sex discrimination was facially plausible when the complaint was filed. Although the plaintiff was always a co-applicant (with her husband), it is not beyond reason that the "city fathers" might have treated the application of a businesswoman differently than those of a businessman. Unfortunately, the sex discrimination claim was pressed even after it became entirely clear that the plaintiff had no reasonable basis for her assertion. At her depositions, almost a year in advance of the trial date, Ms. Powell said nothing about discrimination based on sex. When asked, "How is voting against the project discrimination against you?" she replied, "It's my business, it's my livelihood. And I would have to assume it's because of the people I take care of also." Support for the plaintiff's conspiracy claim is singularly meager. Although both Ms. Powell and Ms. McBride insist that a great deal of pre-filing investigatory work was accomplished, they point to no specific undertakings in this regard. The conspiracy claim may have had potential substance at the time it was filed, but as discovery progressed it became clear that there was not even a paltry basis for the charge. The only "evidence" of a conspiracy consisted of Ms. Powell's surmises and accusations.

The defendants were obliged to incur legal expense as a consequence of this frivolous action. They are entitled to reasonable attorney's fees. However, I consider that the city defendants' bill is excessive. The city attorney's office allegedly spent over five full weeks working on the summary judgment motion. It seems unreasonable to believe that two city attorneys would need to spend so much time researching an area of law that is generally within their expertise. Accordingly, the amount of time allotted to the summary judgment motion will be reduced to 40 hours.

Two fifteen minute status conferences were conducted by the court in this case; the city defendants have billed 10 hours time at $90 an hour for this work. The city's defense counsel will be allowed to recover some preparation time and court time but eight hours will be cut from their request.

Thirty-five hours of trial preparation is also itemized by the city's counsel. Summary judgement was granted two weeks in advance of the expected trial date. An award of fees for 35 hours of trial preparation is unwarranted, and the entire 35 hours will be struck. All the remaining hours will be left intact; the total hours reasonably spent amount to 170.8. I find that the time reasonably expended by counsel for the city defendants in this matter, should be allowed at $75.00 per hour. $12,810.00 which represents 170.8 hours at $75.00 per hour. Accordingly, the city defendants are entitled to a judgment against the plaintiff for their attorney's fees in the amount of $12,810.00, and for their costs, hereby set at $4,399.36.

132

■ Mr. Weidner requested legal fees of $11,851.60 for "approximately 135 hours" of attorney's time expended on behalf of defendant Conder. Some of these hours were billed at $100 per hour and some at $75 per hour. The hours expended by Mr. Conder's counsel appear justified and will be allowed at $75 per hour for a total attorney's fee of $10,125.00. The costs of $2,692.28 outlined in Mr. Conder's bill of costs will also be allowed. Accordingly, defendant Conder is entitled to judgment against the plaintiff for attorney's fees in the sum of $10,125.00 and costs in the sum of $2,692.28.

■ I conclude that there has been a violation of Rule 11, Federal Rules of Civil Procedure, resulting from Ms. McBride's failure to conduct an adequate factual inquiry before filing the complaint and her failure to research the applicable law. *See Business Guides, Inc. v. Chromatic Communications Enterprises, Inc.,* — U.S. ——, 111 S.Ct. 922, 932–33, 112 L.Ed.2d 1140 (1991) (Rule 11 imposes an objective standard of reasonableness under the circumstances rather than a subjective bad faith standard). The complaint, drafted and signed by Ms. McBride, and her briefs on the legal issues of this case clearly reflect a failure to have conducted reasonable research.

The plaintiff's counsel, Ms. McBride, shall be sanctioned under Rule 11 in the total sum of $1000.00, with $500.00 payable to the city defendants and $500.00 to Mr. Conder. No sanctions under Rule 11 will be imposed against the plaintiff, Karen Powell; however, she will be liable under § 1988 for attorney's fees and costs as outlined above.

Therefore, IT IS ORDERED that the motions of the defendants for attorney's fees and costs against Karen Powell under § 1988 be and hereby are granted. The clerk of this court is directed to enter judgment in favor of the city defendants in the sum of $12,810.00 for attorney's fees and $4399.38 for costs and also to enter judgment in favor of defendant Conder in the sum of $10,125.00 for attorney's fees and $2,692.28 for costs.

IT IS ALSO ORDERED that the defendants' motions for sanctions against Karen Powell under § 1988 and under Rule 11, Federal Rules of Civil Procedure, be and hereby are denied.

IT IS FURTHER ORDERED that the defendants' motions for sanctions under Rule 11, Federal Rules of Civil Procedure, against Ms. McBride be and hereby are granted. The clerk of this court is directed to enter judgment in favor of the city defendants in the sum of $500.00 and also to enter judgment in favor of defendant Conder in the sum of $500.00.